IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                             :   Chapter 11
                                                   :
WOODBRIDGE GROUP OF                                :   Case No. 17-12560 (JKS)
COMPANIES, LLC, et al.,[1]                         :
                                                   :   (Jointly Administered)
            Remaining Debtors.                     :
                                                   :
---------------------------------------------------x
MICHAEL GOLDBERG, in his capacity as               :
Liquidating Trustee of the                         :
Woodbridge Liquidation Trust,                      :
                                                   :
            Plaintiff,                             :
                                                   :
v.                                                 :   Adv. Proc. No. 19-50974 (JKS)
                                                   :
HAROLD PLAIN,                                      :
                                                   :
            Defendant.                             :
---------------------------------------------------x

## ORDER

**WHEREAS**, on November 30, 2019, Michael Goldberg ("Plaintiff"), in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust, filed the Adversary Complaint: (I) for Avoidance and Recovery of Avoidable Transfers; and (II) for Sale of Unregistered Securities, for Fraud, and for Aiding and Abetting Fraud (the "Complaint") [Adv. D.I. 1] against Harold Plain ("Defendant") [Adv. D.I. 1].

**WHEREAS**, on January 15, 2020, Defendant filed an Answer to the Complaint [Adv. D.I. 4].

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

**WHEREAS**, on September 4, 2020, the Court entered a Scheduling Order setting forth certain deadlines with respect to mediation, discovery, motion practice, and pretrial procedures [Adv. D.I. 22].

**WHEREAS**, on January 5, 2021, the adversary proceeding was assigned to mediation and a mediator was appointed [Adv. D.I. 28].

**WHEREAS**, on May 24, 2021, the mediator filed the Mediator's Certificate of Completion [Adv. D.I. 48] reporting that numerous attempts to contact the Defendant in an effort to conduct mediation were unsuccessful and no emails were returned as undeliverable. As a result, no mediation was conducted on the scheduled date of May 20, 2021.

**WHEREAS**, on January 28, 2022, an Affidavit of Service [Adv. D.I. 54] was filed with the Court stating that Epiq Class Action and Claims Solutions, Inc. caused a true and correct copy of the "Final Pretrial Order," dated January 21, 2022, to be delivered via overnight and first-class mail to Defendant.

**WHEREAS**, on February 1, 2022, Plaintiff filed the Notice of Filing of [Proposed] Final Pretrial Order with the Court [Adv. D.I. 55].

**WHEREAS**, the Notice of Agenda and Amended Notice of Agenda [Adv. D.I. 56, 57], which were served on Defendant [Adv. D.I. 61, 62], contained the following status with respect to the Pretrial Conference:

> Status: Plaintiff served Defendant with the notice of the pretrial conference and proposed final pretrial order for review. The Defendant failed to respond to the proposed final pretrial order. The pretrial conference will be going forward and the Plaintiff will request pursuant to Local Rule 7016-2(b), after further notice to the Defendant, entry of judgment for failure to appear and cooperate in the preparation of the pretrial order.

**WHEREAS**, the Pretrial Conference was held on February 8, 2022, and Defendant failed to appear at the Pretrial Conference.

**WHEREAS**, as discussed on the record at the Pretrial Conference, Plaintiff requests entry of a judgment pursuant to Del. Bankr. L.R. 7016-2(b) in the event that Defendant fails to appear for the rescheduled Pretrial Conference and has filed a proposed form of Judgment under Certification of Counsel [Adv. D.I. 63].

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The Pretrial Conference is hereby rescheduled to **March 15, 2022, at 1:00 p.m. (prevailing Eastern Time)**. The Pretrial Conference will be conducted by Zoom. All parties are required to register for the Pretrial Conference no later than 4:00 p.m. on March 14, 2022, using the following link: https://debuscourts.zoomgov.com/meeting/register/vJItc-iqrDMjHk5aW1WoM7qsasJWSw-VuvY

2. Defendant's failure to appear at the Pretrial Conference shall result in entry of a Judgment, substantially in the form attached hereto as Exhibit 1.

Dated: February 23, 2022

                                                         J. Kate Stickles
                                                         United States Bankruptcy Judge

United States Bankruptcy Court
District of Delaware

Goldberg,
    Plaintiff

Plain,
    Defendant

Adv. Proc. No. 19-50974-JKS

# CERTIFICATE OF NOTICE

| District/off: 0311-1 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Feb 23, 2022 | Form ID: pdfgen | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 25, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Harold Plain, 1402 Ximeno Avenue, Long Beach, CA 90804-3001 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 25, 2022      Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 23, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Andrew W. Caine | on behalf of Plaintiff Michael Goldberg acaine@pszyjw.com |
| Bradford J. Sandler | on behalf of Plaintiff Michael Goldberg bsandler@pszjlaw.com |
| Colin R. Robinson | on behalf of Plaintiff Michael Goldberg crobinson@pszjlaw.com |
| Leslie A. Berkoff | on behalf of Mediator Leslie Ann Berkoff lberkoff@moritthock.com |

TOTAL: 4